UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS L. DAVIS, as the
Personal Representative of the
Estate of WILLIE MAY TURNAGE,

CASE NO.:
HON.

Plaintiff,

v

NATIONAL INDEMNITY
COMPANY,

Defendant.
_____/

| **MATTHEW G. SWARTZ (P75257)** | **THOMAS D. ESORDI (P45428)** |
|---|---|
| Nolan & Shafer, PLC | **REBECCA K. WAISANEN (P81497)** |
| Attorneys for Plaintiff | Kitch Drutchas Wagner Valitutti & Sherbrook |
| 40 Concord Avenue | Attorneys for **Defendant** |
| Muskegon, MI 49442 | One Woodward Avenue, Suite 2400 |
| 231-722-2444 | Detroit, MI 48226-5485 |
| mgswartz@wemakeitright.com | 313-965-2863 / 313-965-7403 (Fax) |
| | thomas.esordi@kitch.com |
| | rebecca.waisanen@kitch.com |

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
45226-5485

(313) 965-7900

i

## **INDEX OF AUTHORITIES**

Case Law:

*Stalley v Methodist Healthcare*,
517 F.3d 911, 915 (6th Cir. 2008)............................................... 2

*Duncan v Liberty Mut Ins Co.*,
854 F App'x 652, 670 (CA 6, 2021)........................................ 3

Statutes:

28 U.S.C. §1331............................................................ 2,3
28 U.S.C. §1441............................................................ 2,3
28 U.S.C. §1441(a)........................................................ 2
28 U.S.C. §1446............................................................ 2,3
28 U.S.C. §1446 (a)....................................................... 2
28 U.S.C. §1446(b)(1).................................................... 1
42 U.S.C. §1395y(b)...................................................... iv, 2
42 U.S.C. §1395y(b)(3)(a).............................................. 1, 3

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

## **ISSUES PRESENTED**

3. Does the Court have original and removal jurisdiction over claims under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)?

    Defendant responds:  Yes.
    Plaintiff responds:   Unknown.

4. Is the Court able to exercise supplemental jurisdiction over Count I of Plaintiff's complaint, when the state law claim is so related to the federal claim that they form part of the same case and controversy?

    Defendant responds:  Yes.
    Plaintiff responds:   Unknown.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

**NOW COMES** Defendant, **NATIONAL INDEMNITY COMPANY**, by and through its counsel, *Kitch Drutchas Wagner Valitutti & Sherbrook*, and hereby respectfully submits this Notice of Removal of the above captioned case, and as grounds for removal hereby states as follows:

1. Plaintiff commenced this lawsuit in the 14th Circuit Court for the County of Muskegon, Case No. 23-000718-NF, seeking No-Fault PIP benefits following an incident in a transportation vehicle on July 17, 2019. **(Exhibit A, Plaintiff's Complaint)**.

2. Count II of Plaintiff's complaint seeks double damages under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)(3)(a).

3. The federal claim is improper as Medicare has not made a direct recovery effort. **(Exhibit B, Defendant's Answer and Affirmative Defenses)**.

### I. REMOVAL IS TIMELY AND VENUE IS PROPER

4. Defendants were served a copy of the complaint on February 13, 2023. This Notice of Removal is filed within thirty (30) days of service. Therefore, the notice of removal is timely pursuant to 28 U.S.C. §1446(b)(1).

5. Defendant will promptly file this Notice of Removal with the 14th Circuit Court for the County of Muskegon, after it has been filed with this

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485
(313) 965-7900

Court and a copy of this Notice of Removal will also be served upon counsel for Plaintiff.

6. Removal to the United States District Court for the Western District of Michigan, Southern Division, is proper because the state action was filed in Muskegon County of the State of Michigan, this Court's District and Division. Accordingly, this Court is the appropriate venue for filing this Notice of Removal pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446(a).

## II. **GROUNDS FOR REMOVAL**

7. This is a civil action over which the Court has original jurisdiction under 28 U.S.C. §1331 and is one that may be removed to this Court pursuant to 28 U.S.C. §§1441 and 1446 based on federal question jurisdiction. Specifically, this case involves the Medicare Secondary Payer Act, 42 U.S.C. 1395y(b).

8. Before the enactment of the MSPA, 42 U.S.C. §1395y(b), Medicare was often the "primary" payer of medical expenses. The MSPA reversed this order and made Medicare a "secondary payer" for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer. *Stalley v Methodist Healthcare*, 517 F.3d 911, 915 (6th Cir. 2008).

9. Consequently, the MSPA empowers Medicare to seek reimbursement for any conditional payments from other entities, such as an

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

automobile or liability insurance plan, if it is demonstrated that the primary payer has a responsibility to pay.

10. The MSPA also creates a private right of action with double recovery to encourage private parties who are aware of non-payment by primary plans to bring actions to enforce Medicare's rights. 42 U.S.C. §1395y(b)(3)(A).

11. It is well established law that a Medicare Secondary Payer Act claim involves federal question jurisdiction. See, *Duncan v Liberty Mut Ins Co*, 854 F App'x 652, 670 (CA 6, 2021).

12. Count I seeks reimbursement for continuing treatment and services that Medicare initially partially paid for. This Court has supplemental jurisdiction over Count I of the Complaint, because it is so related to the federal claim that they form part of the same case and controversy.

13. Attached to this Notice of Removal are copies of all pleadings known to Defendant, which include the Summons and Complaint and Defendant's Answer, Affirmative Defenses, and Reliance on Jury Demand.

**WHEREFORE**, Defendant National Indemnity Company, respectfully remove this action from the 14th Circuit Court for the County of Muskegon, to this Court pursuant to 28 U.S.C. §§1331, 1441 and 1446. Should any

3

question arise as to the propriety of this removal, Defendant respectfully requests an opportunity to provide further briefing and oral argument.

Respectfully submitted,

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK


By: _____
**THOMAS D. ESORDI (P45428)**
**REBECCA K. WAISANEN (P81497)**
Attorneys for Defendant
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
Dated: March 13, 2023              (313) 965-2863

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS L. DAVIS, as the
Personal Representative of the
Estate of WILLIE MAY TURNAGE,

CASE NO.:
HON.

Plaintiff,

v

NATIONAL INDEMNITY
COMPANY,

Defendant.
_____/

| **MATTHEW G. SWARTZ (P75257)** | **THOMAS D. ESORDI (P45428)** |
|---|---|
| Nolan & Shafer, PLC | **REBECCA K. WAISANEN (P81497)** |
| Attorneys for Plaintiff | Kitch Drutchas Wagner Valitutti & Sherbrook |
| 40 Concord Avenue | Attorneys for **Defendant** |
| Muskegon, MI 49442 | One Woodward Avenue, Suite 2400 |
| 231-722-2444 | Detroit, MI 48226-5485 |
| mgswartz@wemakeitright.com | 313-965-2863 / 313-965-7403 (Fax) |
| | thomas.esordi@kitch.com |
| | rebecca.waisanen@kitch.com |

## DECLARATION OF SERVICE

**GEORGINA G. WILLIAMS**, hereby certifies that she is employed with the firm of Kitch Drutchas Wagner Valitutti & Sherbrook, and that on the **13th** day of **March, 2023**, she served: ***Defendant's Notice of Removal*** and this ***Declaration of Service*** upon:

mgswartz@wemakeitright.com

***VIA ELECTRONIC FILING.***

I declare that the above statements are true to the best of my information, knowledge and belief.

*Georgina G. Williams*

5